# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REINALDO ACOSTA,**

       **Plaintiff,**

      **v.**                           **Case No. 15-CV-1185**

**GUSTAVO BELLO-OJEDA,**

      **Defendant.**

## DECISION AND ORDER

The pro se plaintiff, Reinaldo Acosta, is a Wisconsin state prisoner. He filed a complaint using the court's standard form for claims arising under 42 U.S.C. § 1983. However, his claim does not arise under § 1983. He sues Gustavo Bello-Ojeda, who is a cleaner employed at Marathon Systems, Inc., and who resides in Milwaukee, Wisconsin. The plaintiff alleges that he and the defendant have been friends for over twenty years, that he loaned the defendant $20,000, and that the defendant will not pay him back. For relief, the plaintiff seeks to be repaid the money he loaned the defendant.

A person seeking to pursue a claim in federal court must demonstrate at the outset that the federal court has the authority to hear the case. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182-89 (1936); see also, Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996). Every court has an independent responsibility to determine in every case whether it has subject matter jurisdiction and to dismiss the case if it concludes it does not. See Pratt Central Park Ltd. Partnership v. Dames & Moore, Inc., 60 F.3d 350, 352-54 (7th Cir. 1995).

Whether this court has jurisdiction over the plaintiff's suit depends on whether the requirements of federal-question jurisdiction, see 28 U.S.C. § 1331, or diversity jurisdiction,

see 28 U.S.C. § 1332, are satisfied. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law," in that "federal law is a necessary element of one of the well-pleaded . . . claims." <u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 808 (1988) (citations omitted). Diversity jurisdiction requires that the parties be of diverse citizenship and that the amount in controversy be greater than $75,000. <u>See</u> 28 U.S.C. § 1332.

In this case, the plaintiff seeks to collect a debt, and thus his claim is one for breach of contract under state law. It is not a claim that arises under federal law, and thus jurisdiction cannot be based on § 1331. Moreover, the complaint does not allege that the parties are citizens of different states, and the amount in controversy is alleged to be only $20,000, which is less than the jurisdictional minimum for diversity jurisdiction. Accordingly, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $331.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

2

prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge

3